UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Cydell Thompson,

    Plaintiff,

v.                                                                 Civil Action No. 21-12700

Detroit Receiving Hospital, *et al.*,              Sean F. Cox
                                                                   United States District Court Judge
    Defendants.
_____/

## OPINION AND ORDER
## GRANTING DEFENDANT HADDAD'S MOTION TO DISMISS AND
## DISMISSING CLAIMS AGAINST REMAINING DEFENDANTS PURSUANT TO § 1915

    Acting *pro se*, Plaintiff Cydell Thompson ("Plaintiff") filed suit against the following three Defendants: 1) Detroit Receiving Hospital; 2) Luay L. Haddad, M.D.; and 3) Valerie Lindsay, LMSW.  This Court granted Plaintiff's request to proceed *in forma pauperis* in this action.  Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to dismiss this case, at any time, if it fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.").  In addition, Defendant Haddad filed a Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 16).  For the reasons that follow, the Court shall GRANT Defendant Haddad's Motion to Dismiss, and dismiss all claims asserted against him in this action.  In addition, pursuant to this Court's screening function under § 1915, the Court also DISMISSES the claims against the other two Defendants because Plaintiff's Complaint fails to state a viable federal claim against them.

## BACKGROUND

**A.      Procedural Background**

Acting *pro se*, on November 17, 2021, Plaintiff filed this lawsuit asserting claims against the following three Defendants: 1) Detroit Receiving Hospital; 2) Luay L. Haddad, M.D.; and 3) Valerie Lindsay, LMSW.  This Court granted Plaintiff's request to proceed *in forma pauperis* in this action.

On February 1, 2022, Defendant Haddad filed a Motion to Dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6).  (ECF No. 16).  This Court ordered Plaintiff to file his response to that motion no later than February 22, 2022.  (ECF No. 27).

Plaintiff filed a timely brief in opposition to Defendant Haddad's Motion to Dismiss on February 15, 2022.  (ECF No. 30).  On that same date, Plaintiff also filed an Affidavit. (*See* ECF No. 31).[1]

**B.      Standards Of Decision**

Because Plaintiff is proceeding *in forma pauperis*, the applicable statute requires this Court to *sua sponte* (on the Court's own, without awaiting a motion from a defendant) dismiss this case, at any time, if it fails to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(b)(2) ("the court shall dismiss the case at any time if the court determines that" the action "fails to state a claim on which relief may be granted.").

In addition, Defendant Haddad filed a Motion to Dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The docket also reflects that Plaintiff filed another submission titled "motion" on February 15, 2022 (ECF No. 29) but Plaintiff later filed a Notice withdrawing it.  (ECF No. 32).

Rule 12(b)(6) provides for the dismissal of a claim where the complaint fails to state a claim against the defendant upon which relief can be granted. The Court must construe the complaint in the light most favorable to the plaintiff and accept its allegations as true. *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). To survive a motion to dismiss, the complaint must offer sufficient factual allegations that make the asserted claims plausible on their face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations will not suffice. *Rondigo, LLC v. Township of Richmond*, 641 F.3d 673, 670 (6th Cir. 2011). Thus, more is required than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "[a] claim has facial plausibility when the plaintiff *pleads factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (emphasis added).

While a motion to dismiss is based primarily on the allegations in the complaint, documents that are attached to a complaint, and central to the claims in it, may be considered by the Court when considering a motion to dismiss. *Eastman v. Cincinnati Musicians Ass'n, Local No. 1,* 151 F. App'x 414, 416 (6th Cir. 2005); *Brent v. Wayne Cnty. Dept. of Human Svs.*, 901 F.3d 656, 695 (6th Cir. 2018).

"If, on a motion under Rule 12(b)(6)," "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The Sixth Circuit "has interpreted the text of Rule 12(d) to mean that a district court must either (1) expressly reject evidence outside the complaint that is attached to a 12(b)(6) motion or an opposition to such motion, or (2) treat the motion to dismiss as a motion for summary judgment." *Courser v. Michigan House of Representatives*, 831 F. App'x 161, 169

(6th Cir. 2020).

Here, in responding to Defendant Haddad's Motion to Dismiss, Plaintiff filed an Affidavit. (ECF No. 31). This Court declines to consider that affidavit and treats the pending motion as filed – as a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6).

Thus, in analyzing Defendant Haddad's Motion to Dismiss, this Court shall consider and focus upon the allegations in Plaintiff's Complaint in order to determine if Plaintiff has sufficiently alleged a viable federal claim.

**C.  Plaintiff's Complaint**

Plaintiff is acting *pro se* and used a form complaint, that allowed him to fill out various sections of it. (ECF No. 1, Pl.'s Compl.).

Plaintiff brings this action in federal court, asserting that this Court has federal-question jurisdiction over this action, pursuant to 28 U.S.C. § 1331. (*Id*. at 3). Plaintiff then states the following, in the section of the form complaint that asks him to "list the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case:"

> Fifth V Amendment person shall not be deprived liberty without due process of law.
> Civil right of Institutionalized Person Act (CRIPA) 42 U.S.C. $$ [sic] 1997 et seq.
> CFR - Code of Federal Regulations prohibit the use of restraints for punitive actions.
> Eight Vlll [sic] Amendment prohibits cruel and unusual punishment.
> ADA act prohibit spinal cord victims being abused.  I'm a quadriplegic.

(Pl.'s Compl. at 4).

In the section of the form complaint that asks Plaintiff to write a short and plain statement of his claim, Plaintiff states as follows:

> 1. The hosiptal [sic] abuse me Cydell Thompson by filing numorus [sic] petitions against and defamation. The Judge order my release on July 7, 2021 and on

> August 23,2021 at two different hearing, Still the hosiptal [sic] refused to let me go. Attorney Bruce Rice represented me on 8-23-2021 and Attorney Shelia Ross represented me on 7-7-2021 both contacted the hosiptal [sic] on my behalf and the hosiptal [sic] still refused to release me. I was told by the courts to contact a attroney [sic] because this had became a civil issue. They were denying me liberty
> 2. I filed A police report on August 27,2021 after which I was chained to the bed for twenty four hour.
> 3. On 8-30-2021 Valerie Lindsay fabricated a malicious report and I was move to A psychiatric unit and placed in a cell for twenty four hours a day for eight days.
> 4. *On 8-30-2021 MD Luay L Haddad coincided with a fabricated report knowing I did not meet the criteria for being on a psychiatric unit* how can I posse a threat two myself or any one else when I can sit up in the bed by myself.

(*Id*. at 5) (emphasis added). As to the relief he seeks in this action, Plaintiff states that he is "asking for compensatory damages in the amount of twelve million dollars 12,000,000 for being illegaly [sic] detained, abused and defamation of character" and he also asks for "punitive damages in the amount of eighteen million dollars. 18,000,000" and alleges "My disabilities was used against metally [sic] and physically." (*Id.* at 6).

Along with his Complaint, Plaintiff filed several exhibits in the traditional manner. (*See* ECF No. 6). Among those exhibits to Plaintiff's Complaint are: 1) a Petition for Mental Health Treatment relating to Plaintiff, signed by Valerie Lindsay, LMSW, dated August 30, 2021; and 2) a document from Detroit Receiving Hospital identifying Luay Haddad, M.D. as the attending physician with respect to Plaintiff's September 1, 2021 admission to that hospital. (*Id.*).

**ANALYSIS**

5

This Court concludes that Plaintiff's Complaint fails to state a viable federal claim against any of the three named Defendants in this action.

### A. Claims Asserted Under The Fifth Amendment

Plaintiff's Complaint reflects that he is asserting claims against one or more of the named Defendants under the Fifth Amendment to the United States Constitution. (*See* Compl. at 4).

The Fifth Amendment states that "No person shall . . . be deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend V. It is well established that the Fifth Amendment's Due Process Clause circumscribes only the actions of the *federal government*. *See, e.g., Scott v. Clay Cnty., Tenn.*, 205 F.3d 867, 873 n.8 (6th Cir. 2000) (Noting that the Fifth Amendment "circumscribes only the actions of the federal government"); *Seigel v. City of Germantown*, 25 F. App'x 249, 250 (6th Cir. 2001) ("[T]he Fifth Amendment applies only to the federal government.").

Defendant Haddad's motion asserts that Plaintiff's Complaint fails to state a claim under the Fifth Amendment because Plaintiff does not allege that "Dr. Haddad or any other Defendants are associated with the federal government. Thus, Plaintiff has no claim for violation of the Fifth Amendment." (Def. Haddad's Br. at 7).

The Court agrees that Plaintiff's Complaint fails to state a Fifth Amendment claim against the named Defendants in this case because the Complaint does not allege, and the exhibits attached to Plaintiff's Complaint do not even suggest, that any of these Defendants are federal actors. Thus, the Court shall dismiss Plaintiff's Fifth Amendment claims, against all three Defendants, for failure to state a claim.

### B. Claims Under The Eighth Amendment

Plaintiff's Complaint includes "Eight Vlll [sic] Amendment prohibits cruel and unusual punishment" as one of the sources of his federal claims in this action. (Compl. at 4).

Defendant Haddad's Motion to Dismiss asserts that Plaintiff fails to state a claim under the Eight Amendment to the United States Constitution, asserting:

> Plaintiff's Complaint asserts violation of the Eighth Amendment to the United States Constitution, specifically, that it prohibits cruel and unusual punishment. The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishment inflicted." U.S. Const. amend. VIII. Defendant provided healthcare to Plaintiff as a private doctor, not as a State Official. Plaintiff has alleged no facts which indicate that Defendant is a "state actor" subject to suit under the Eighth Amendment. The Eighth Amendment has been incorporated against the sates through the Fourteenth Amendment. *See Robinson v. California*, 79 U.S. 660, 666, 82 S.Ct. 1417, 8 L.Ed.2d 75 (1962). But the Fourteenth Amendment still applies only to state—no private—conduct. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). In addition, the Eighth Amendment's prohibition of "cruel and unusual punishment" only concerns those who have been criminally prosecuted. *Ingraham v. Wright*, 430 U.S. 651, 669-71, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977). Plaintiff cannot bring an action under the Eighth Amendment because Defendant Haddad is not a state actor and there is no allegation that Plaintiff was criminally prosecuted.

(Def. Haddad's Br. at 8-9).

This Court concludes that Plaintiff's Complaint fails to state a viable Eighth Amendment claim against any of the Defendants named in this case. Among other things, Plaintiff's Complaint lacks factual allegations that could establish that the Defendants are state actors. In addition, Plaintiff's Complaint does not allege that Plaintiff was convicted of a crime. *See e.g., Galas v. McKee*, 801 F.2d 200, 205 (6th Cir. 1986) (affirming dismissal of Eighth Amendment claim because "[i]t is well settled that the Eighth Amendment prohibition against cruel and ususal punishment is applicable only to those convicted of crimes.").

**C.    Claims Under CRIPA**

Defendant Haddad's motion notes that "Plaintiff's Complaint relies, in part on CRIPA, naming Detroit Receiving Hospital, Luay L. Haddad, and Valerie Lindsay as defendants." (Def. Haddad's Br. at 7). Defendant asserts that these claims are subject to dismissal because "Plaintiff does not have a private cause of action under CRIPA. See 42 U.S.C. § 1997a(c) (requiring that complaint be signed by Attorney general; *see also Pleasant-Bey v. Shelby County*, No. 99-4466, 2000 WL 1206516, at *1 (6th Cir. Aug. 18, 2000) (affirming dismissal of action because prisoner had no private right to action under CRIPA)." (Def. Haddad's Br. at 7).

Although he filed a brief in opposition to Defendant Haddad's Motion to Dismiss, Plaintiff did not respond to this legal argument.

To the extent that Plaintiff is seeking to assert a CRIPA claim against any of the three named Defendants in this action, the case law indicates that an individual, such as Plaintiff, cannot bring a private cause of action under CRIPA. *See Rudd v. Polsner*, 229 F.3d 1153, 2000 WL 1206516 (6th Cir. 2000) ("The district court correctly noted that Rudd had no private right to bring an action under CRIPA"); *Tran v. Michigan Dep't of Human Svs.*, 2006 WL 3782791 at *3 (E.D. Mich. 2006) (An "individual has no private right to bring an action" under the CRIPA); *Gutman v. Wriggelsworth,* 2010 WL 1814816 at *4 (W.D. Mich. 2010). As such, the Court shall dismiss Plaintiff's CRIPA claims, against all three Defendants, for failure to state a claim.

**D.     Claims Based On "Code Of Federal Regulations"**

Defendant Haddad's motion notes that Plaintiff's Complaint includes "CFR - Code of Federal Regulations prohibit the use of restraints for punitive actions" as one of the sources of his federal claims in this action. Plaintiff's Complaint fails to identify any specific regulation that would support a claim against Defendants.

Nevertheless, believing that Plaintiff may have intended to reference 42 C.F.R. § 482.13, Defendant Haddad's motion asserts that Plaintiff would still fail to state a claim under it, stating:

> The regulation contained at 42 C.F.R. § 482.13 provides that hospital patients have the right to receive notice of their rights, to be involved in the planning of their healthcare, to make informed decisions, to privacy and confidentiality, to be free of physical and mental abuse (including the right to be free of restraint and seclusion unless necessary), and to a grievance process set up by the hospital. Nothing in the regulation provides for a private cause of action. Further, nothing in the text of the statute authorizing the regulation, 42 U.S.C. § 1396hh, suggests any right to a private cause of action to enforce the regulations set forth at § 482.13. Notably, even if this CFR or its enacting statute did provide a private right of action, Plaintiff has not plead facts that—if true—constitute of violation of the regulation. Because there is no private right of action under the CFR and Plaintiff has not plead any violation of a federal regulation, his claim should be dismissed.

(Def. Haddad's Br. at 8).

The Court concludes that Plaintiff's Complaint fails to state a viable claim against any of the named Defendants based upon the Code of Federal Regulations. Plaintiff's Complaint fails to identify any specific regulation that would give Plaintiff a private right of action against these Defendants, and fails to include supporting factual allegations as to what each of the named Defendants alleged did to violation a specific regulation.

To the extent that Plaintiff meant to assert a claim under 42 C.F.R. § 482.13, Plaintiff has not established that he can bring a private cause of action under that regulation. And the case law located by this Court indicates Plaintiff may not bring a private right of action under that regulation. *See, e.g.*, *Hinojosa v. Perez*, 214 F.Supp.2d 703, 705 (S.D.Tex. 2002) ("42 C.F.R. § 482.12 sets forth requirements regarding medical staff, management, patient care, budgeting, contracting, and emergency services for hospitals receiving funds through the Medicare program. Nowhere does it reference a private right of action to enforce these requirements.").

Accordingly, the Court shall dismiss Plaintiff's claims against all three Defendants, that are based on the Code of Federal Regulations, for failure to state a claim.

**E.     ADA Claims**

Plaintiff's Complaint identifies the "ADA" as one of the sources of his federal claims in this action but states only "ADA act prohibit spinal cord victims being abused. I'm a quadriplegic." (Compl. at 4).

It is well known that the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12100 *et seq*., prohibits discrimination "against a qualified individual with a disability on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Here, however, Plaintiff's Complaint does not allege any facts that would support any kind of employment-related ADA claims against the named Defendants.

Defendant Haddad's Motion therefore assumes that Plaintiff may be attempting to assert a claim under Title III of the ADA and explains why he believes the Complaint fails to state a viable claim under Title III. (Def. Haddad's Br. at 9-10).

"Title III of the ADA prohibits any person who owns, leases, or operates a place of public accommodation from discriminating against an individual on the basis of that individual's disability. *See* 42 U.S.C. § 12182(a) (1994)." *Amir v. St. Louis Univ.*, 184 F.3d 1017, 1027 (8tth Cir. 1999). A person alleging discrimination under Title III must show: 1) that he is disabled within the meaning of the ADA; 2) that the defendant is a private entity that owns, leases, or operates a place of public accommodation; 3) that the defendant took adverse action against the

10

plaintiff that was based upon the plaintiff's disability; and 4) that the defendant failed to make reasonable modifications that would accommodate the plaintiff's disability without fundamentally altering the nature of the public accommodation. *Id.*

Here, Plaintiff's Complaint does not allege that Defendant Haddad is a private entity that owns, leases, or operates a place of public accommodation. Indeed, as to Defendant Haddad, the only factual allegation in Plaintiff's Complaint that refers to him is the following single sentence:

> 4. On 8-30-2021 MD Luay L Haddad coincided with a fabricated report knowing I did not meet the criteria for being on a psychiatric unit how can I posse [sic] a threat two [sic] myself or any one else when I can sit up in the bed by myself.

(Compl. at 5). In addition, Plaintiff's Complaint does not allege that Defendant Haddad (or the other two named Defendants) took adverse actions against Plaintiff based on his disability (being a quadriplegic), or failed to make reasonable modifications.

Accordingly, the Court concludes that Plaintiff's Complaint fails to state a viable ADA claim against the three named Defendants.

## CONCLUSION & ORDER

For the reasons set forth above, the Court ORDERS that Defendant Hadadd's Motion to Dismiss is GRANTED and all claims asserted against Defendant Haddad in this case are DISMISSED for failure to state a claim.

IT IS FURTHER ORDERED that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed. R. Civ. P. 12(b)(1), the claims against the remaining Defendants (Detroit Receiving Hospital and Valerie Lindsay) are also DISMISSED for failure to state a claim.

The Court further CERTIFIES that an appeal in this action may not be taken by Plaintiff *in forma pauperis* because it would be frivolous.

This is a final order and closes this case.

IT IS SO ORDERED.

s/Sean F. Cox<br>
Sean F. Cox<br>
United States District Judge

Dated:  February 23, 2022